**Deirdre LA COUR, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3251.

United States Court of Appeals, Federal Circuit.

DECIDED: May 8, 2003.

Before MICHEL, Circuit Judge, ARCHER, Senior Circuit Judge, and LOURIE, Circuit Judge.

PER CURIAM.

Deirdre La Cour petitions for review of the decision of the Merit Systems Protection Board ("Board") effective March 6, 2002, Docket Nos. DA–0752–01–0694–I–1 and DA–0752–02–0122–I–1, dismissing, without prejudice, her appeals filed on September 11, 2001 and November 21, 2001 contingent on their being refiled by March 13, 2002. Because La Cour's arguments are not properly before this court, as they do not address what the Board decided, but issues the Board has yet to be presented with, we *dismiss* for lack of jurisdiction.

## BACKGROUND

Ms. La Cour filed two appeals with the Board. On September 11, 2001 she filed an appeal alleging that she was constructively suspended by the United States Postal Service ("USPS"). On November 21, 2001, Ms. La Cour filed another appeal, this time alleging the USPS had constructively suspended her during a different time period, had failed to notify her of her appeal rights, and discriminated against her because of her request for an accommodation for her disability. By order dated November 28, 2001, an administrative judge ("AJ") joined La Cour's two appeals.

On January 29, 2002, in the face of an imminent hearing, La Cour notified the AJ that she no longer had union representation and that she needed time to obtain a new representative. As a result, one day later, the AJ issued a decision dismissing, as of March 6, La Cour's joined appeals without prejudice to her right to refile on or before March 13, 2002. La Cour has not refiled her appeals with the Board, either before or after March 13. Nor did she proffer to the Board the reasons for delay she argues to us. She nevertheless now petitions this court through counsel to review the AJ's decision dismissing her appeal.

## DISCUSSION

La Cour argues that she had good cause for her delay in filing her November 21, 2001 appeal and her failure to refile her joined-appeal by March 13, 2002. These arguments, however, are improper because neither issue was ever decided by the Board. These arguments must be presented to and decided by an AJ in the first instance. Only if the Board reaches a "final decision," presumably deciding these points, would we have jurisdiction to review them. 28 U.S.C. § 1295(a)(9) (2000) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction–(9) of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5."); 5 U.S.C. § 7703(a)(1) (2000) ("Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."). As the record currently stands, the only Board decision before us is that dismissing the joined appeal without prejudice. Although purportedly appealing from that decision, petitioner makes no challenge to it. Indeed, she all but requested that decision. Instead, her arguments are directed to other issues not there decided. Yet, for us to reach any of these other rulings or issues would require us to act as an initial adjudicator and as a fact-finder—something we, as a court of review, lack jurisdiction to do. Rather, we may only review final decisions of the Board. *See, e.g.,* 28 U.S.C. § 1295(a)(9); 5

U.S.C. § 7703(c) ("In any case filed in the Court of Appeals for the Federal Circuit, the court *shall review the record.*" (emphasis added)). For these reasons, we dismiss.